HERBERT CURTIS HODGE and VERA MAE HODGE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hodge v. Commissioner
Docket No. 17275-80.
United States Tax Court
T.C. Memo 1983-708; 1983 Tax Ct. Memo LEXIS 80; 47 T.C.M. (CCH) 434; T.C.M. (RIA) 83708; November 29, 1983. *80 C. David Gantt, (specially recognized) for the petitioners. Mathew E. Bates, for the respondent. KORNER
MEMORANDUM OPINION KORNER, Judge: For the calendar years 1975 and 1976, respondent determined deficiencies in income tax and additions to tax against petitioners as follows: Deficiency In
Additions to Tax
Years
Income Tax
[1] Section 6653 (a) 1975
$39,110
$1,956
1976
14,322
716
In their petition herein, as twice amended, petitioners have placed in issue the correctness of respondent's actions in (a) increasing petitioners' gross income in the amounts of $20,000 for 1975 and $10,000 for 1976 and (b) disallowing certain amounts of itemized expenses claimed in connection with petitioner Herbert C. Hodge's business, in the amounts of $66,310 for 1975 and $32,008 for 1976. Petitioners, Herbert Curtis Hodge (hereinafter "petitioner") and Vera Mae Hodge, and husband and wife whose legal address *81 at the time of filing the petition herein was in Asheville, North Carolina. Their joint Federal income tax returns for the calendar years 1975 and 1976 were filed with the Internal Revenue Service Center at Memphis, Tennessee. During the years 1975 and 1976, and apparently for some years prior thereto, petitioner operated a business known as the Asheville Auto Disposal and Salvage Company, apparently as a sole proprietorship. The business consisted of the purchase of junked or abandoned automobiles at various locations, and the resale of such items as scrap metal to various purchasers. One of petitioner's principal customers for such scrap metal was Rockwood Iron and Metal, Inc. (Rockwood). Petitioner's purchases of junk automobiles were generally done by cash or check, and his resales of the scrap metal to his customers was likewise done for cash or check. To some extent, petitioner conducted his business by obtaining advances of funds from his customers, using such funds to purchase the scrap metal which he resold to the same customers. Upon such resale, the value of the material delivered by petitioner would be credited against the advance previously furnished to him by *82 the customer. In the year 1975 petitioner received an advance from Rockwood in the amount of $20,000 and he further received an advance from Rockwood in the amount of $10,000 in 1976. Such funds were not reflected in petitioners' tax returns as gross income and, upon audit, respondent increased petitioners' gross income by the above amounts, on the grounds that petitioner had not established any obligation to repay said amounts to Rockwood. In petitioners' tax returns for 1975 and 1976, petitioner claimed business expenses in the respective amounts of $563,020 and $661,891 in connection with his junk buying business, with respect to such items as truck rentals, supplies, travel, truck repairs, contract labor and the like. Upon audit, respondent determined that said claimed deductions had been overstated, and disallowed the amounts of $66,310 in 1975 and $32,008 in 1976 for lack of substantiation. Respondent also determined that petitioners were liable for additions to tax under provisions of section 6653(a) for each year. [2]
*83 At trial, petitioner was the only witness. As to the first issue mentioned above, petitioner testified simply that the additional income items of $20,000 and $10,000 in 1975 and 1976, respectively, were the result of checks in these amounts being put through the bank twice (having been refused the first time by the drawee bank for failure to have the necessary signatures). As to the second issue, involving disallowed expense items, petitioner merely testified that he furnished all his cancelled checks and other books and records to his accountants who prepared his returns, and that such returns were accurate, so far as he knew. No books, records, or other evidence was produced with respect to the items disallowed by respondent. Petitioner testified that all his books and records had been destroyed in a fire, and that his return preparer had destroyed the copies of such records which were used in the preparation of the returns. With respect to both of these issues, petitioner has the burden of proof, , Rule 142(a). Petitioner has simply failed to meet his burden of proof with respect to either issue. The fact that petitioner *84 may have lost his books and records through a fire or other mishap, while unfortunate, does not relieve petitioner from the necessity of establishing that respondent's determinations are in error. , affd. ; , affd. by unpublished order (9th Cir. 1973); , affd. . Petitioner's vague, highly generalized and unsupported testimony herein is entirely inadequate and we must sustain respondent's determination on both issues. With respect to the additions to tax under section 6653(a), the burden is likewise upon the petitioners, , and here again, we must hold that petitioners have failed to carry their burden of proof to show that respondent's determination was in error in any way. Decision will be entered for the respondent.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as in effect in the years in issue, and all Rule references are to the Rules of Practice and Procedure of the United States Tax Court, unless otherwise noted.↩
2. Petitioners' petition, twice amended, was apparently prepared by petitioners without the benefit of counsel, and displays considerable confusion as to the issues presented in the case. Although respondent's imposition of additions to tax under section 6653(a) was not specifically mentioned in the petition, we will treat it as being in issue before us. Rules 31(d), 41(b).↩